The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr., and the briefs and arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing on 24 October 1996 and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employer-employee relationship existed between plaintiff and defendant-employer.
3. Liberty Mutual Insurance Company was the compensation carrier on risk.
4. Plaintiff sustained a compensable injury on or about the 10 October 1994.
5. The parties entered into a Form 21 Agreement based upon an average weekly wage of $323.68 yielding a compensation rate of $215.80 per week.
6. The Full Commission takes notice of Industrial Commission Form 24 Application by the defendants containing both the initial 13 March 1996 application and the amended 11 April 1996 application along with the decision of former Special Deputy Commissioner Amy Pfeiffer filed on 1 May 1996 terminating benefits to plaintiff as of 29 February 1996.
7. Industrial Commission filings, medical documentation and vocational rehabilitation documentation were received into evidence and marked as Stipulated Exhibit One.
8. Plaintiff's medical records were stipulated into evidence and marked as Stipulated Exhibit Two.
9. The issues before the undersigned are: (i) whether plaintiff remains disabled as a result of his compensable injury; (ii)whether plaintiff is owed permanent partial disability for the disability rating given plaintiff; and (iii) if plaintiff remains disabled, what compensation, if any, is due plaintiff.
 EVIDENTIARY RULINGS
The objections raised in the depositions of Michael D. Gwinn, M.D., J. Marvin McBride, M.D. and Kenneth J. Rich, M.D. are OVERRULED.
 *************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-three years old and had been previously employed with International Business Machines in the Research Triangle, North Carolina.
2. Plaintiff had an initial back injury with the right leg pain and right sciatica in 1974 and was subsequently injured in an automobile accident in 1989 which resulted in back pain.
3. Plaintiff was diagnosed by Dr. Burroughs in 1990 with a herniated disk and discussed surgical intervention with Dr. Burroughs at that time. As a result of a heart murmur, plaintiff chose not to undergo surgical procedures relating to the herniated disk as diagnosed by Dr. Burroughs in 1990.
4. Plaintiff sustained a compensable injury with defendant-employer on 10 October 1994 while lifting computers and continued to work with defendant-employer until 24 October 1994. As of this date, plaintiff has not worked for defendant-employer or any other employer. Plaintiff's diagnosis as a result of the compensable injury at work was a strained lower back sustained while lifting computers.
5. As noted in the Form 24 application and subsequent decision relating to the application to terminate benefits, defendants initiated vocational efforts and identified gainfully employable positions in July of 1995 and February of 1996.
6. These positions were provided to the employee and approved by the authorized medical care providers including the position of a PC board assembler. This position was approved by Dr. Gwinn on 29 February 1996. Plaintiff failed to apply or attempt these approved positions even though they were within his restrictions and limitations placed upon him by his treating physician at that time.
7. Unrelated to the work related accident in October, 1994, plaintiff underwent surgery for his heart on 7 February 1995. At this time, he was provided with an artificial aortic valve and as a result of this procedure, has chosen not to undergo surgery for his back due to the complications including the use of coumadin to prevent blood from clotting around the artificial metal valve inserted in his heart.
8. Plaintiff stated that he declined gainfully employable positions provided to him by the vocational coordinator and approved by Dr. Gwinn and within Dr. McBride's limitations because he did not want to return to work as of that date and testified at hearing that he did not desire to resume employment as of October 1996.
9. Plaintiff also stated that he had no further interest in vocational rehabilitation as of August, 1995.
10. Plaintiff noted in his testimony that he felt that he had to have full duty release to return to work and that he had to have absolutely no pain to return to work. Medical evidence in this case clearly does not support this position.
11. Dr. Gwinn, a board certified physical medicine and rehabilitation physician, treated plaintiff from 24 October 1994 until 29 April 1996. Dr. Gwinn noted that plaintiff had initial symptoms of a low back pain and numbness in the right leg but no pain in the lower extremity. Dr. Gwinn assessed a multi-level degenerative disk disease with a mild nerve root irritation.
12. Dr. Gwinn released plaintiff to return to work as of 1 November 1994 at sedentary work with no lifting over fifteen pounds for an eight hour day. He also noted that a central herniated disk identified on the MRI in November, 1994, was similar to that of the CT scan showing a herniated disk in 1990 obtained by Dr. Burroughs.
13. Dr. Gwinn further stated that the central right herniated disk in 1994 was already there in 1990.
14. Dr. Gwinn approved both the laboratory technician position in July, 1995 and the PC assembler position in February, 1996. He testified that he felt the employee had reached maximum medical improvement as of 29 March 1995 and had a five percent permanent partial disability rating to his back as a result of the work related injury.
15. Dr. Gwinn reconfirmed his approval of the PC assembler position on 29 February 1996 and felt it was reasonable for plaintiff to attempt this position based upon his back condition. Dr. Gwinn opined that performing activity within the prescribed restrictions and limitations would actually be of assistance to plaintiff concerning his back condition.
16. Dr. Rich is a board certified neurosurgeon. He first saw plaintiff on 6 March 1995. Dr. Rich diagnosed plaintiff with mechanical back pain and sciatica and indicated that he felt Dr. Gwinn's work release restrictions were reasonable. Dr. Rich also indicated that Dr. Gwinn's five percent permanent partial disability rating was consistent with plaintiff's back condition at the time Dr. Rich saw him.
17. Dr. Rich also opined that there was no reason to tell plaintiff not to try to do the lens crafter job and there was no evidence that Dr. Rich disapproved the PC assembler position.
18. Dr. McBride stated that he treated plaintiff for an extended period of time beginning in 1989 after the automobile accident. Dr. McBride confirmed that plaintiff was complaining of back pain in 1990 which corresponds with Dr. Burroughs' diagnosis of a herniated disk as of that date. However, Dr. McBride's treatment at that time dealt primarily with the blood pressure problem and difficulties that he was having as far as the heart valve was concerned.
19. Dr. McBride ran no tests on plaintiff and admitted that he was relying upon the statements made by plaintiff during office visits. Dr. McBride indicated that plaintiff has chronic pain syndrome due to the lumbar disk disease.
20. Dr. McBride opined that plaintiff was physically able to work within the restrictions and limitations outlined by Dr. Gwinn as well as those outlined by Dr. McBride himself. Dr. McBride opined that employment positions within the guidelines of Dr. Rich and Dr. Gwinn were reasonable for plaintiff to attempt. Dr. McBride approved the optometry lab position as being a position reasonable for plaintiff to attempt.
21. Plaintiff's requirement of a full duty release and his testimony that he did not want to return to work both to the vocational coordinator and to the Deputy Commissioner at the hearing are not supported by the competent medical evidence of record.
22. Plaintiff received a five percent permanent partial disability rating to his back rendered by Dr. Gwinn and corroborated by Dr. Rich.
 **************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of his compensable injury on 10 October 1994, plaintiff has a five percent permanent partial disability to his back for which plaintiff is entitled to compensation at the rate of $215.08 per week for a period of fifteen weeks. G.S. §97-31.
2. Defendant-employer has shown that there are positions available for which plaintiff is suited within limitations of sedentary to light work that had been approved by the treating physicians in this case. Plaintiff is capable of attempting to perform these positions and has unjustifiably refused to attempt this employment and is, therefore, not entitled to any further compensation. G.S. § 97-32.
3. As the result of his compensable injury on 10 October 1994, plaintiff is entitled to have defendants pay for all related medical expenses incurred or to be incurred. G.S. §97-25; G.S. § 97-25.1.
4. Defendants are entitled to a credit to be applied toward the fifteen weeks for the time period plaintiff received temporary total disability benefits beginning on 29 February 1996 through 1 May 1996 at which time compensation was terminated.
G.S. § 97-42.
 **************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. For his five percent permanent partial disability to his back, defendants shall pay permanent partial disability compensation to plaintiff at the rate of $215.80 per week for a period of fifteen weeks. Said amount shall be paid to plaintiff in lump sum, subject to the attorney fee and a credit to defendants for temporary total disability compensation paid from 29 February 1996 through 1 May 1996. Said amount shall be paid to plaintiff in lump sum subject to the attorney fee approved in paragraph three of this Award.
2. Defendants shall pay for all related medical expenses incurred or to be incurred by plaintiff as a result of the injury by accident on 10 October 1994.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraph one of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under paragraph one of this Award shall be deducted from the sum and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ THOMAS J. BOLCH COMMISSIONER